**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL J. VAMVAS,<br><br>Plaintiff,<br><br>v.<br><br>JACK SAYEGH, *et al.*,<br><br>Defendants. | Civil Action No. 22-571 (ZNQ) (RLS)<br><br>**OPINION** |

**QURAISHI, District Judge**

     **THIS MATTER** comes before the Court upon a Motion to Dismiss ("Motion") filed by Defendants Jack Sayegh, Michael Schniedt, Lesley Kirchgessner, and the Borough of South Toms River (collectively, "Defendants"). (ECF No. 28.) Defendants filed a brief in support of their Motion. ("Moving Br.", ECF No. 28-3.) Plaintiff Michael J. Vamvas ("Plaintiff") filed an Opposition. ("Opp'n Br.", ECF No. 30.) Defendants filed a Reply. ("Reply Br.", ECF No. 31.)

     The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motion to Dismiss.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

     On September 20, 2020, Plaintiff was formally charged with one count of theft of movable property pursuant to Complaint-Warrant 1529-W-2020-000063 ("Charging Complaint-Warrant"). (First Amended Complaint, "FAC" ¶ 10, ECF No. 25.) The Charging Complaint-Warrant is

1

attached as an exhibit to the FAC.[1] (ECF No. 25-1.) Plaintiff alleges that his charge is a third-degree offense and does not carry a presumption of incarceration. (*Id.* ¶ 11.) An arrest warrant was issued against Plaintiff and on February 20, 2021, Perth Amboy police arrested and detained him. (*Id.* ¶¶ 13–14.) Other than the date of his arrest, Plaintiff does not allege any other facts relating to the circumstances of his arrest or detention. (*See generally* FAC.)

Plaintiff now brings this action alleging that Defendants violated New Jersey Court Rule 3:3-1 ("N.J. Court Rules") when they improperly, and illegally, issued a Complaint-Warrant against him instead of a Complaint-Summons. (*Id.* ¶¶ 22–25.) Plaintiff also alleges that Defendants have adopted a policy of violating N.J. Court Rule 3:3-1 by "issuing Complaint-Warrants and arresting and incarcerating accused defendants rather than issue a Complaint-Summons and mailing same to an accused defendant when appropriate." (*Id.* ¶ 26.)

On February 4, 2022, Plaintiff filed a Complaint asserting the following three counts: Count I, violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983; Count II, a New Jersey civil rights violation claim; and Count III, a federal and state conspiracy claim under 42 U.S.C. § 1983. (Compl. ¶¶ 28–41, ECF No. 1.) On March 30, 2023, the Court granted Defendants' Motion to Dismiss the Complaint. (ECF No. 24.) As directed by the Court, Plaintiff filed a First Amended Complaint on April 28, 2023. (ECF No. 25.) In addition to two minimal changes to Counts I and II, the substantive update to the FAC is the addition of factual allegations relating to Defendants' issuance of the Complaint-Warrant instead of a Complaint-Summons.

---

[1] A district court can "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

(FAC ¶¶ 26–30.)[2]  The FAC asserts the same three counts as the Complaint. (*Id.* ¶¶ 31–43.) Defendants filed the present Motion on June 15, 2023. (ECF No. 28.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds)).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing

---

[2] The Court also notes that as of June 9, 2022, Defendant Dominick Cucciniello is no longer a party to this action. (ECF No. 17.)

3

that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. <u>DISCUSSION</u>[3]

#### A. DISMISSAL UNDER LOCAL CIVIL RULE 15.1(b)

Defendants first argue that the FAC should be dismissed because it is procedurally defective under Local Civil Rule ("L. Civ. R.") 15.1(b). (Moving Br. at 7–8.) L. Civ. R. 15.1(b)(2) requires that "a party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file," among other things, "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(b), (b)(2).

Here, Plaintiff failed to file the FAC in accordance with L. Civ. R. 15.1(b). There are no brackets, strikes, underlines, nor any other indication by Plaintiff as to how the FAC differs from the Complaint. (*See generally* FAC.) Plaintiff himself concedes that L. Civ. R. 15.1(b) applies to the filing of the FAC and that the FAC does not comply with the 15.1(b)(2). (Opp'n Br. at 8.) Failure to comply with a local rule could provide an independent ground to dismiss an amended complaint. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). However, Local

---

[3] A day after filing the present Motion, Defendants filed a letter to the Court attaching three exhibits, Exhibits A–C, that were "erroneously unattached to [their] previous filing." (ECF No. 29.) Defendants ask the Court to consider the exhibits without converting this Motion into a motion for summary judgment. Plaintiff only opposes the consideration of Exhibit B, a Police Incident Report. Generally, when presented with extrinsic documents not properly considered on a motion to dismiss, the court may disregard them, deny the motion, or convert it into a motion for summary judgment and provide a reasonable opportunity for all parties to present material pertinent to the motion. *See* Fed. R. Civ. P. 12(d); *Dix v. Total Petrochemicals USA, Inc.*, Civ. No. 10-3196, 2011 WL 2474215, at *2 (D.N.J. June 20, 2011). Defendants argue that the Police Incident Report "contains the key factual basis for the determination of probable cause justifying the issuance of the Complaint-Warrant." (Moving Br. at 9.) However, as set forth in detail below, the allegations in the FAC make no reference to probable cause and Plaintiff's Opposition confirms his position that his claim does not rely on the existence of probable cause. Accordingly, the Court finds that Exhibit B is not relevant to the issue before the Court, and it will not consider the Police Incident Report or the arguments that rely on it.

4

Civil Rule 15.1(b)(2) does not automatically trigger a dismissal of an amended complaint filed in violation of the rule and the rule itself grants the Court power to "excuse" a violation based on its discretion. L. Civ. R. 15.1(b)(2); *see also Callaway v. Small*, 21-12058, 2022 WL 970214, *3 (D.N.J. Mar. 31, 2022) (viewing a procedurally deficient first amended complaint as properly filed but dismissing the second amended complaint for the failure to comply with those same local civil rules). Though the Court finds that Plaintiff failed to adhere to the requirements of Local Rule 15.1(b)(2), it will overlook his procedural error to address the merits of his claims.

### B.   DISMISSAL UNDER RULE 12(b)(6)

Defendants also move to dismiss the FAC under Rule 12(b)(6) for failure to state a claim. As a threshold issue, the parties construe the FAC in materially different ways.

Defendants construe the FAC to essentially allege two claims: (1) "a *Monell* claim that Defendants adopted and followed a policy and practice of issuing Complaint-Warrants for offenses that require a Complaint-Summons in violation of N.J. Court Rule 3:3-1" and (2) "a false arrest and imprisonment claim that the Defendants' policy and practice of improper issuance of Complaint-Warrants resulted in Plaintiff's unlawful arrest and imprisonment in violation of his Fourth and Fourteenth Amendment rights under the Federal Constitution." (Moving Br. at 1.) Defendants underscore that "the gravamen of Plaintiff's 'illegal arrest and incarceration' claims are rooted in the Fourth Amendment's search and seizure clause." (*Id.* at 17.) To state a claim for false arrest under the Fourth Amendment, Plaintiff must establish that the arrest lacked probable cause. (*Id.* at 18 (citing *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).) Though the FAC does not mention "lack of probable cause," and despite Plaintiff's attempts to cloak his illegal arrest and incarceration claims "in factual allegations of Defendants' improper issuance of the Complaint-Warrant", Defendants contend that the "sum and substance of these allegations are

5

subsumed within a lack of probable cause allegation, even if not so clearly stated in the FAC." (*Id.* at 17.) Defendants argue (1) that the FAC does not plead sufficient facts to establish that Defendants lacked probable cause to arrest and detain Plaintiff and (2) that the "improper issuance of a Complaint-Warrant does not substitute for lack of probable cause as the prerequisite for establishing a false arrest claim under the Fourth Amendment." (*Id.* at 19, 21.)

Plaintiff construes his FAC differently. Plaintiff argues that the "claims are most certainly not predicated and reliant upon a claim by [P]laintiff that the 'arrest and detention lacked probable cause.'" (Opp'n Br. at 12) (emphases omitted.) Instead, Plaintiff argues that "even if there is probable cause to charge and initially detain, the [D]efendants were in this case limited to issuing a [Complaint-Summons] without arrest once identification procedures were completed." (*Id.*) (emphases omitted.) Thus, the crux of Plaintiff's argument is that Defendants violated N.J. Court Rule 3:3-1 when they charged Plaintiff on a Complaint-Warrant and that Defendants' continued detention of Plaintiff, instead of immediately releasing him on a Complaint-Summons, is actionable under § 1983. (*Id.* at 20.)

Section 1983 permits private civil actions for damages against any person who, acting under the color of state law, deprives another of a right, privilege, or immunity secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. Section 1983 is not, itself, a source of substantive rights; it is the method for vindicating violated federal rights. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

6

Count I of the FAC is a § 1983 claim for violations of the Fourth and Fourteenth Amendments. (FAC ¶¶ 31–36.) For the reasons set forth below, the Court finds that Plaintiff does not allege a violation of a right secured by the Constitution; Count I of the FAC therefore fails to state a claim.

The N.J. Court Rules distinguish between a Complaint-Warrant and a Complaint-Summons. *See generally* N.J. Ct. R. 3:3-1. Under the applicable Rule, a Complaint-Summons is presumed for all offenses except those serious offenses identified by the N.J. Court Rules. *See* N.J. Ct. R. 3:3-1(c), (e)–(f); *see also Cresci v. Aquino*, Civ. No. 13–4695, 2017 WL 1356322, at *6 (D.N.J. Apr. 10, 2017); *Fields v. City of Salem Police Dep't*, Civ. No. 14–1849, 2015 WL 461887, at *3 (D.N.J. Feb. 4, 2015). The N.J. Court Rules also provide for when a Complaint-Warrant may be issued over a Complaint-Summons. *See* N.J. Ct. R. 3:3-1(d). Plaintiff alleges that none of the grounds for issuing a Compliant-Warrant over a Complaint-Summons were present. (FAC ¶ 24.) Therefore, Plaintiff alleges that Defendants improperly issued the Charging Complaint-Warrant against Plaintiff, instead of a Complaint-Summons, "so that Plaintiff would be subject to illegal arrest and incarceration." (*Id.* ¶ 25.)

The Court accepts Plaintiff's allegations as true relating to the issuance of the Complaint-Warrant. Having reviewed N.J. Court Rule 3:3-1(d) and the circumstances alleged, the Court agrees that its issuance over a Complaint-Summons was inconsistent with that Rule. The Court, however, rejects Plaintiff's argument that this can provide a basis for a § 1983 claim. As a matter of law, the New Jersey Supreme Court and courts in this District, have consistently found that "even if a police officer erred in issuing a complaint-warrant, that 'does not constitute a *per se* violation of plaintiff's constitutional rights." *Cresci*, 2017 WL 1356322 at *7 (citing *Connor v. Powell*, 162 N.J. 397, 410 (2000) (citing *Sanducci v. City of Hoboken*, 315 N.J. Super. 475, 485

7

(App. Div. 1998) (quoting *O'Brien v. Borough of Woodbury Heights*, 679 F. Supp. 429, 436–37 (D.N.J. 1988)))); *see also Fields*, 2015 WL 461887, at *3–4 ("[T]he failure to issue a complaint-summons rather than a complaint-warrant in and of itself does not violate a federally protected right."); *Whichard v. Tomkins*, Civ. No. 20-13099, 2021 WL 1784323, at *4 (D.N.J. May 5, 2021). Rather, noncompliance with the N.J. Court Rule is a "factor that must be considered in determining whether the police officers had probable cause or whether they reasonably believed that probable cause existed." *Connor*, 162 N.J. at 410–411.[4] Given that Plaintiff explicitly roots his violation of civil rights claim solely on Defendants' failure to comply with N.J. Court Rule 3:3-1, and courts have roundly rejected this theory, the Court concludes that Count I fails to state a claim under § 1983 and the Court will dismiss Count I.

Count III of the FAC, which alleges a claim for conspiracy to violate Plaintiff's civil rights under § 1983, similarly fails. (FAC ¶¶ 41–43.) To state a claim for conspiracy to violate civil rights under § 1983, a plaintiff must establish the following: 1) "two or more persons conspire to deprive any person of constitutional rights"; (2) "one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy"; (3) "that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States"; and (4) that "the conspirators act 'under the color of state law.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)). Here, because the Court concluded that Plaintiff has not established a deprivation of a constitutional right, the Court also concludes that Plaintiff cannot succeed on a

---

[4] To the extent that Plaintiff attempts to allege a false imprisonment claim, he barely argued, and barely alleged, any facts to support a false imprisonment claim. Further, the Court notes that "[a] claim for false imprisonment derives from a claim for false arrest; thus where police lack probable cause to make an arrest, the arrestee may also maintain a Section 1983 claim for false imprisonment based on a detention pursuant to that arrest." *Gonzalez v. Bobal*, Civ. No. 13-1148, 2015 WL 1469776, at *6 (D.N.J. Mar. 30, 2015). Therefore, crucial to a claim for both false arrest and false imprisonment is the existence, or non-existence, of probable cause.

civil rights conspiracy claim. *See, e.g., Gimenez v. Borough of Elmwood Park*, Civ. No. 17-7177, 2022 WL 1486194, at *11 (D.N.J. May 10, 2022). Thus, Plaintiff's federal conspiracy claim under § 1983, alleged in Count III, is dismissed.

## C. STATE CLAIMS

Plaintiff also alleges violations of the New Jersey Civil Rights Act (hereinafter "NJCRA") and a state law claim for conspiracy to violate Plaintiff's civil rights, Counts II and III of the FAC. (FAC ¶¶ 37–43.)

The NJCRA was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions. *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443–444 (D.N.J. 2011) (citing *Slinger v. New Jersey*, Civ. No. 07–5561, 2008 WL 4126181, at *5–6 (D.N.J. Sept. 4, 2008)); *Armstrong v. Sherman*, No. 09–716, 2010 WL 2483911, at *5 (D.N.J. June 4, 2010). NJCRA provides, in pertinent part, a private cause of action

> to [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

N.J.S.A. 10:6–2(c). This District has repeatedly interpreted the NJCRA analogously to § 1983. *See Chapman v. New Jersey*, Civ. No. 08–4130, 2009 WL 2634888, at *3 (D.N.J. August 25, 2009) ("Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983."); *Slinger*, 2008 WL 4126181, at *5 (noting NJCRA's legislative history, this district utilized existing § 1983 jurisprudence as guidance for interpreting the statute); *Armstrong*, 2010 WL 2483911, at *5 ("[T]he New Jersey Civil Rights Act is a kind of analog to [S]ection 1983."); *Hedges v. Musco*, 204 F.3d 109, 121 n.12 (3d Cir. 2000) (concluding that New Jersey's

9

constitutional provision concerning unreasonable searches and seizures is interpreted analogously to the Fourth Amendment) (citing *Desilets v. Clearview Reg'l Bd. of Educ.*, 627 A.2d 667, 673 (N.J. Super. Ct. App. Div. 1993) ("We are not persuaded that the New Jersey Constitution provides greater protection under the circumstances of this case than its federal counterpart. We note that in [*New Jersey v. T.L.O.*, 469 U.S. 325 (1985),] the New Jersey Supreme Court analyzed the search and seizure issue under the Fourth Amendment to the United States Constitution, and did not suggest that New Jersey's organic law imposed more stringent standards.")); *see also Norcross v. Town of Hammonton,* Civ. No. 04-2536, 2008 WL 9027248, at *4 (D.N.J. Feb. 5, 2008) ("The New Jersey Supreme Court does not appear to have spoken on whether excessive force is a context where state law provides greater protection than does federal law. This Court sees no reason to conclude that in the context of a claim for excessive force during an arrest, the standard under the New Jersey Constitution for evaluating those claims is different from that under the United States Constitution."). Accordingly, for the same reasons the Court dismisses the FAC's federal claims, it also dismisses its claims under state law.

### D.   DISMISSAL WITH PREJUDICE

As set forth above, the FAC will be dismissed because Plaintiff cannot state a claim for a violation of his federal civil rights under § 1983 solely based on Defendants' noncompliance with N.J. Court Rule 3:3-1. Because Plaintiff fails to state a claim as a matter of law, the Court will dismiss the FAC with prejudice.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 28) will be **GRANTED** and Plaintiff's First Amended Complaint will be dismissed with prejudice. An appropriate Order will follow.

Date: **January 31, 2024**

                                                  **ZAHID N. QURAISHI**
                                                  **UNITED STATES DISTRICT JUDGE**